

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:                    Opinion No. 0-4095
                             Re: Salary of the county
                                 auditor of Waller County.

     Your letter of October 9, 1941, requesting the opinion of this department on the above mentioned matter reads in part as follows:

     "A question has arisen in reference to Auditor's salary in reference to Article 1646 as amended by Senate Bill 119 of the Forty-Seventh Legislature.

     "After the enactment of Senate Bill 119, the salary of the Auditor in this county was increased by $300.00, by order of the District Judge in this district, said order being duly recorded with the District Clerk, approved by the Commissioners Court of Waller County, and recorded in Commissioners' Court Minutes.

     "The County Auditor's two year appointment will expire this December 16, 1941. Will the $300 increase in salary again have to be approved by the Commissioners' Court at that time, or at the beginning of the fiscal year January 1st next? Once the increase in salary is approved and allowed by the District Judge and subsequently by the Commissioners' Court, is it not within the District Judge's discretion to set that salary in the future within

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the limits of the increase which was once approved by the Commissioners' Court?

"For instance, if the increase as approved by the District Judge and Commissioners' Court made Auditors' salary $1800--above the minimum as allowed under the Statutes in 1940--then when another appointment comes December 16 or when new fiscal year begins January 1, is it not within the discretion of the District Judge alone to reduce said salary below this figure?"

Your letter of October 23, 1941, supplementing the above mentioned letter reads in part as follows:

"According to your request of October 22, 1941, letter, please find inclosed a copy of the order of the District Judge setting the salary of the County Auditor, which is a part of and combined and included in the certified copy of the Commissioners' Court minutes approving and allowing the same.

"To repeat, the question of most concern, is whether, when the District Judge reappoints Auditor this December, he can set said salary at $1800 again, for the ensuing year, this time without another approving order of the Commissioners' Court, such having already been approved once, and before reappointment was made.

"Otherwise, if the District sets the salary at $1800 in December when he reappoints, the Commissioners' court having once approved this salary, is it necessary for them to do so again."

A copy of the order of the district judge setting the salary of the county auditor, which you advise was approved by the Commissioners' Court, reads as follows:

"Conroe, Texas,
July 25, 1941

"Honorable Commissioners' Court
Waller County, Hempstead, Texas.

Gentlemen:

In accordance with Senate Bill No. 119 of the 47th Legislature just passed and approved by Governor

W. Lee O'Daniel, July 9, 1941, It is my order as
District Judge of the Ninth Judicial District, that
the salary of W. P. Herms, County Auditor of Waller
County, who has been legally appointed County Audi-
tor in accordance with Article 1646 Civil Statutes
of Texas, be Eighteen Hundred ($1800.00) Dollars an-
nually, eifective August 1, 1941, and shall continue
until such time as it is deemed advisable to make a
change in accordance with the laws of Texas.

W. B. Browder,
W. B. Browder, Judge Ninth
Judicial District of Texas.

Filed with me this 26 day of July, A. D. 1941.
Filed with me this 1 day of     A. F. Foster, District
August, 1941. Dick Cuny, Co.    Clerk, Waller County
Clerk Waller            Texas (Signed)
Co. Texas

The State of Texas  ⎱
County of Waller    ⎰    I, A. F. Foster, Clerk of the
District Court in and for Waller County, Texas, do here-
by certify that the above and foregoing is a true and
correct copy of the  original order  of Hon. W. B.
Browder, Judge of the Ninth Judicial District of Texas,
setting the salary of W. P. Herms, County Auditor of
Waller County, Texas, as the same appears of record in
my office in Volume J, at Page 104, Civil Minutes of
said District Court.

Given under my hand and seal of said Court, at office
in Hempstead, Texas, this 28th day of July, A.D. 1941.

A. F. Foster, Clerk District
Court, Waller County, Texas."

Waller County has a population of 10,280 inhabitants
according to the 1940 Federal census and a tax valuation of
$5,961,444.00 according to the last approved tax roll.

Section 1 of Senate Bill 119, Acts of the 47th
Legislature, Regular Session, 1941, is applicable to any
county having a population of 35,000 inhabitants or more,
according to the last preceding Federal census, or having
a tax valuation of $15,000,000 or over, according to the last
approved tax roll. Waller County does not have the popula-
tion or tax valuation as mentioned in Section 1 of Senate
Bill No. 119, supra, therefore, this section is not appli-
cable to Waller County.

Section 2 of Senate Bill No. 119, supra, reads as follows:

"Section 2. That Article 1646, of the Revised Civil Statutes of Texas, 1925, as amended by Acts 1929, 41st Legislature, page 687, chapter 308, Section 1, be, and the same is hereby amended so as to hereafter read as follows:

'Article 1646.

'When the Commissioners' Court of a county not mentioned and enumerated in the preceding Article shall determine that an Auditor is a public necessity in the dispatch of the county business, and shall enter an order upon the minutes of said Court fully setting out the reason for and necessity of an Auditor, and shall cause such order to be certified to the District Judge or District Judges having jurisdiction in the county, said Judge or Judges shall, if said reason be considered good and sufficient, appoint a County Auditor as provided in the preceding Article, who shall qualify and perform all the duties required of County Auditors by the laws of this State, and who shall receive as compensation for his services as County Auditor an annual salary of not more than the annual total compensation and/or salary allowed or paid the Assessor and Collector of Taxes in his county, and not less than the annual salary allowed such County Auditor under the General Law provided in Article 1645, Revised Civil Statutes, as said Article existed on January 1, 1940, such salary of the County Auditor to be determined and fixed by the District Judge or District Judges having jurisdiction in the county, a majority thereof ruling, said annual salary to be paid monthly out of the general fund of the county. The action of said District Judge or District Judges

in determining and fixing the salary of
the County Auditor shall be made by order
and recorded in the minutes of the District
Court of the county, and the Clerk thereof
shall certify the same for observance to the
Commissioners' Court which shall cause the
same to be recorded in its minutes; after the
salary of the County Auditor has been fixed
by the District Judge or District Judges, no
change in such salary shall thereafter be-
come effective until the beginning of the
next ensuing fiscal year of the county; pro-
vided, however, any increase in the salary
of any such County Auditor, over and above
the annual salary allowed such County Audi-
tor under the general law provided in Arti-
cle 1645, as said Article existed on January
1, 1940, shall only be allowed or permitted
with the express consent and approval of the
Commissioners' Court of the county whose
County Auditor is affected or may be effected
by the provisions of this Act; such consent
and approval of such Commissioners' Court
shall be made by order of such Court and record-
ed in the minutes of the Commissioners' Court
of such County. Provided, said District Judge
or District Judges shall have the power to dis-
continue the services of a County Auditor as
provided for in this Article at any time after
the expiration of one (1) year from the appoint-
ment, when it is clearly shown that such Audi-
tor is not a public necessity, and his services
are not commensurate with his salary.'"

The above mentioned Act provides in effect that the
maximum salary of the county auditor shall not be more than
the annual total compensation and/or salary allowed or paid
the assessor and collector of taxes in his county and further
provides that the minimum shall not be less than the annual
salary allowed such county auditor under the general law pro-
vided in Article 1645, Revised Civil Statutes, as said Article
existed on January 1, 1940. Apparently the salary of the

county auditor was $1500.00 per year until raised by the District Judge and approved by the Commissioners' Court in compliance with Senate Bill No. 119, supra. Whether this was the correct salary for the county auditor, is a question not before us. However, in this connection we call your attention to Opinion No. O-826, a copy of which is enclosed for your information.

In answer to your inquiry, you are respectfully advised that it is the opinion of this department that when a county auditor is appointed or the present auditor reappointed the District Judge can set the salary at $1800.00 for the ensuing year without another approving order of the Commissioners' Court. Unless the salary of the county auditor is increased beyond the sum of $1800.00 it will not be necessary to obtain the express consent and approval of the Commissioners' Court.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)    Ardell Williams
                Assistant

AW:FS

APPROVED NOV. 4, 1941          APPROVED
(s) Grover Sellers              Opinion Committee
First Assistant Attorney General    By B.W.B.  Chairman